

**SO ORDERED.**

**SIGNED this 19 day of February, 2013.**

Stephani W. Humrickhouse
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                    CASE NO.

TP, INC.,                                                 10-01594-8-SWH

     DEBTOR


TP, INC.,                                                 ADVERSARY PROCEEDING NO.

     Plaintiff,                                        H-11-00112-8-AP

     v.

BANK OF AMERICA, N.A. and
JONATHAN P. JOYNER,

     Defendants


### ORDER REGARDING MOTION TO RECONSIDER

Pending before the court is the chapter 7 trustee's motion to reconsider the Order Denying Motion to Dismiss and Granting in Part Motion to Stay, entered by this court on September 26, 2012, with respect to the court's conclusion in that order that "Bank of America, N.A. (hereinafter "BOA") has not waived its right to arbitration and, alternatively, that TP, Inc.'s claim under Chapter 75 of the North Carolina General Statutes is subject to a contractual arbitration provision."

A hearing was held in Raleigh, North Carolina, on December 6, 2012. For the reasons that follow, the motion will be denied.

In support of his motion, the trustee cites Bankruptcy Rules 7054, 9023, and 9024, and Rules 54(b), 59(e) and 60(b) of the Federal Rules of Procedure. Rule 59(e) (made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure) permits alteration or amendment of an order in certain instances, and Rule 60(b) of the Federal Rules of Civil Procedure (made applicable in bankruptcy by Rule 9024 of the Federal Rules of Bankruptcy Procedure) provides that the court "may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] mistake, inadvertence, surprise, or excusable neglect," as well as "any other reason that justifies relief."[1]  Fed. R. Civ. P. 60(b)(1) and (6).

Pursuant to these rules, a bankruptcy court will "deny a motion to reconsider unless the movant can make a showing of one of the enumerated grounds for relief, which are:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or manifest injustice."  In re LL Murphrey Co., 2012 WL 4855355 at *2 (Bankr. E.D.N.C. 2012).  As the Murphrey court also noted, reconsideration is "an extraordinary remedy which should be used sparingly, and a motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard."  Id. at *2 (quoting Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).   The motion to

---

[1] The trustee does not specifically identify the provisions under which he proceeds, but generally speaking, the essence of the request to reconsider is based upon the trustee's belief that the court's prior order contains an internal inconsistency and other errors of law.  The court thus cites Fed. R. Civ. P. 60(b)(1)( and (6) in the belief that those provisions are the most expansive.

reconsider contends generally that the court's order of September 26, 2012 ("September 26 Order") contains errors of law.

The trustee perceives errors in connection with the court's conclusion that BOA did not waive its contractual right to arbitration, and also with the court's determination that the debtor's state law claim asserting violations of North Carolina's Unfair and Deceptive Trade Practices Act (the "UDTPA" claim) could appropriately be resolved in arbitration. The court will review each in turn.

## I.    Prejudice to TP and Waiver of Arbitration Rights

First, the trustee contends,

It appears that the Court's decision to measure BOA's delay from TP's filing of the adversary complaint was based on its impression that the adversary claims were "substantially different" from the issues in the original state-court litigation. However, the Trustee respectfully asks the Court to reconsider this decision in light of its later conclusion that TP's claims in the present adversary proceeding are in fact "substantially similar" to the original counterclaims.

\* \* \*

Accordingly, BOA's delay should be measured relative to the filing of BOA's original complaint, or at the latest TP's initial state-court counterclaims, rather than from TP's filing of this adversary proceeding.

Trustee's Motion to Reconsider Denying Motion to Dismiss and Granting In Part Motion to Stay (Oct. 16, 2012) at 4-5.

On review of the September 26 Order, it appears that the trustee inadvertently mistook the nature of the distinctions made in that order. The September 26 Order states that the adversary complaint, which was filed by the *debtor*, "raised issues significantly different from those raised by *BOA* in its initial state court action." September 26 Order at 8 (emphasis added). The order also states that the counterclaims presented in the state court action by *the debtor*, TP, are "substantially

3

similar to the claims asserted *by TP* in this adversary proceeding." Id. at 14. In other words, the debtor's complaint in the adversary proceeding raises issues that are significantly *different* from those raised by *BOA* in BOA's state court action, which was geared toward collecting a debt, and substantially *similar* to those originally asserted by *the debtor* as counterclaims in the state court action. There is no discrepancy or mistake.

The trustee also reiterated his arguments that because BOA was on notice that there was an "actual controversy about the validity of its alleged debt" as a result of the counterclaims the debtors filed in state court and then dismissed without prejudice, BOA has waived its arbitration rights. The trustee does not assert any new law or specific mistake on the part of the court in connection with the September 26 Order; rather, the trustee rephrases his original arguments.

Specifically, the trustee contends that the

determination by the Court that TP was not prejudiced by BOA's delay in seeking arbitration because BOA acted within 34 days of TP filing its adversary complaint, resulting in the allowance of BOA's motion to stay pending arbitration, would itself demonstrate that the consensual dismissal of the state-court counterclaims did in fact actually and materially prejudice TP and benefit BOA. Despite BOA's notice of TP's counterclaims in the state-court action for two years–a time that courts have found so lengthy as to strongly support a finding of waiver– this period of delay would be effectively erased by TP refiling those counterclaims as agreed by the parties to the consent order. In other words, BOA benefitted from, and TP was harmed by, a reset clock.

Trustee's Motion at 5.

This argument already has been presented to the court, and a motion to reconsider must serve as more than simply another bite at the decisional apple. Other than the trustee's suggestion that the September 26 Order was internally inconsistent (addressed above), the trustee articulates no specific basis upon which the court should review this aspect of its prior holding: Instead, the trustee simply argues, again, that a litigant may dismiss its claims without prejudice, assert them two years later,

4

and then attribute *to the other party* a waiver of that party's ability to assert a right that it "could and should" have asserted in response to those claims, *as if they had not been withdrawn*. "Had BOA *not* obtained the dismissal without prejudice," the trustee contends, "BOA's right to arbitrate those claims and counterclaims *would have been* waived through its continued litigation of them." Id. at 5- 6. The significance of this hypothetical, which does not align with the actual facts of this case, again escapes the court. There is no suggestion that BOA acted improperly in being party to the consent order dismissing TP's claims (the other party being, of course, TP itself), and TP's apparent misgivings about having dismissed those claims in no way equates to actual prejudice to TP, attributable to BOA. This argument already has been presented and fully considered, and the court perceives no basis upon which to grant relief from the September 26 Order.

## II.    Arbitrability of UDTP Claim Under N.C. Gen. Stat. § 75-1

In the course of its analysis of whether TP's claims were constitutionally as well as statutorily core, the court held in the September 26 Order that the UDTP claim arose prior to the bankruptcy filing and was based on state law, and on that basis failed the first prong of Stern. The court also held that the claim did not affect the calculation of the amount of BOA's proof of claim, and thus did not satisfy the second prong of Stern. The claim is constitutionally non-core, and was referred to arbitration. September 26 Order at pp. 20-21.

The trustee contends, correctly, that "whether the claim is core or non-core does not resolve the question of whether it is subject to a contractual arbitration provision." Trustee's Motion at p. 7. However, as the court noted in the September 26 Order, that question *is* resolved by the federal policy in favor of arbitration, pursuant to which this court will compel arbitration of non-core claims that the court otherwise could hear and then refer, with recommendations, to the district court.

5

September 26 Order at pp. 4-5.  Of course, arbitration must occur only if an enforceable arbitration provision covers the claim at issue, and the trustee argues that in this case, it does not.

To determine whether resolution of a particular claim is encompassed by an arbitration agreement, the court looks first to the arbitration agreement itself, and then to the nature of the claim.  In this case, the agreement at issue encompasses:

> Any controversy or claim between or among the parties hereto including but not limited to those arising out of or relating to this Loan Agreement or any related agreements or instruments, including any claim based on or arising from an alleged tort, shall be determined by binding arbitration in accordance with the Federal Arbitration Act . . . .

September 26 Order at p. 4.  In that order, the court concluded that this broad language covered "all of the causes of action asserted by the debtor." Id. at 5 (citing Wachovia Bank v. Schmidt, 445 F.3d 764 (4th Cir. 2006) (holding that an arbitration clause encompassing all disputes under a contract covers any dispute between the parties that has a significant relationship to the contract).

The trustee argues that the court's holding was in error, that the UDTP claim is different, and that the UDTP claim should be excluded from arbitration because it "seeks to determine BOA's liability under statutory and common law rather than to avail itself of rights or duties under the contract," such that TP "cannot be forced by that contract to arbitrate its claim." Trustee's Motion at 8.  Specifically, the trustee argues that "[u]nder North Carolina law, a claim under Chapter 75 that is 'dependent upon legal duties imposed by North Carolina statutory or common law rather than contract law' is not subject to a contractual arbitration agreement.'" Ellen v. A.C. Schultes of Maryland, Inc., 615 S.E.2d 729, 733 (N.C. App. 2005), disc. rev. denied, 635 S.E.2d (N.C. 2006).

This is not, however, a blanket rule.  Instead, whether a claim "falls within the scope of an arbitration clause . . . depends not on the characterization of the claim as tort or contract, but on the

6

relationship of the claim to the subject matter of the arbitration clause." Hamilton v. Mortgage Info. Servs., 2012 WL 6590718 at * 3 (N.C. App. 2012) (quoting Rodgers Builders, Inc. v. McQueen, 331 S.E.2d 726, 731 (N.C. App. 1985)).  As that appellate court noted, "North Carolina has no legislative bar to the arbitration of claims based on unfair and deceptive trade practices provided that such claims 'arise out of or relate to the contract or its breach.'" Id. (quoting Rodgers, 331 S.E.2d at 731).

In Ellen, cited by the trustee, the North Carolina Court of Appeals did hold that the plaintiffs' UDTP claim was outside a contractual arbitration provision.  However, that case was markedly different from the instant matter.  The Ellen court held that the UDTP claim was excluded from arbitration because  "plaintiffs are not seeking any direct benefits from the contracts containing the relevant arbitration clause, nor are they asserting any rights arising under the . . . contracts.  Neither plaintiffs' allegations of unfair and deceptive trade practices nor plaintiffs' allegations of  tortious interference depend upon the contracts containing the arbitration clause.  Both of the claims are dependent upon legal duties imposed by North Carolina statutory or common law rather than contract law." Ellen, 615 S.E.2d at 733.  This was so because, in Ellen, the plaintiffs' UDTP claim alleged that the defendants, in retaliation for plaintiffs' rejection of the individual defendants' sexual advances, interfered with the plaintiffs' contracts with third parties.  Id.  Thus, the plaintiffs' UDTP claim thus was not "arising out of or related to" the contract containing the arbitration clause, or any alleged breach of that contract.  Id.; see also Hamilton, 2012 WL 6590718 at * 3 (plaintiff homebuyer's class action UDTP claim for unfair fees assessed to her (through her mortgagor) by the defendants, an insurer and underwriter, did not fall within arbitration provision because 1) she was not a party to the arbitration agreement included in the insurance policy; 2) her challenge to the

7

fees did not arise out of or relate to the insurance policy; and 3) her claim was "statutorily based" in that it asserted public policy claims on behalf of the plaintiff class).

In sum, while the trustee is correct that some UDTP claims may stand apart from other contract-based claims, this is not such a case.  The debtor's complaint itself explicitly provides that the damages sought from BOA and Mr. Joyner, as well as claims for rescission, equitable subordination, and fraud in the inducement all "*arise out of the same transaction or transactions that were the subject of previous claims asserted by the Defendant Bank of America*."  Complaint ¶ 2.  Thus, all of the claims, whether based on tort or contract, arose out of or are related to the loan agreements between the parties.  The thing that distinguishes the three claims listed above from the others is that, as the September 26 Order provides, they directly affect the amount BOA may assert in its proofs of claim and must necessarily be resolved in the claims allowance process.

The trustee contends that the fraud in the inducement claim should have been excluded from arbitration for the *additional* reason that "a claim premised on wrongful conduct in the procurement of the contract, thereby challenging the formation of that contract, is clearly beyond the scope of an arbitration agreement contained within that contract."  Trustee Motion at 8.  Then, relying on the fraud in the inducement claim as a springboard of sorts, the trustee argues that the fraud claim "supports" the UDTP claim, such that the UDTP claim could be construed as challenging the procurement and formation of the parties' lending agreements.  On that basis, the trustee requests that the court retain the UDTP claim and render findings of fact and conclusions of law for submission to the district court, on grounds that the UDTP claim pertains to contract formation and is thus outside the scope of claims that may be arbitrated.

The court cannot agree.  The UDTP claim as set forth in the complaint is not specifically geared toward formation of the contracts; in fact, if the debtor had intended to gear the UDTP claim specifically and only to questions of fraud in the inducement, then the claim lacks the particularity it needs.  Instead, it appears that the UDTP claim is asserted on grounds that BOA and Mr. Joyner's course of conduct as a whole would, if proven, entitle the debtor to statutory treble damages, which obviously go toward augmenting the estate.  The UDTP claim is not constitutionally core and its potential relationship to the fraud alleged to have occurred in formation of the lending agreements does not exclude it from the claims that must be referred to arbitration.

For the foregoing reasons, the Motion to Reconsider Order Denying Motion to Dismiss and Granting In Part Motion to Stay is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**