

**SO ORDERED.**

**SIGNED this 07 day of March, 2013.**

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| TP, INC., | 10-01594-8-SWH |
| DEBTOR | |

| | |
|---|---|
| TP, INC., | ADVERSARY PROCEEDING NO. |
| Plaintiff, | SWH-11-00112-8-AP |
| v. | |
| BANK OF AMERICA, N.A. and JONATHAN P. JOYNER, | |
| Defendants. | |

### ORDER ALLOWING MOTION TO STAY ARBITRATION

Pending before the court is the chapter 7 trustee's motion to stay the arbitration of non-core, arbitrable claims in this matter pending the court's resolution of core claims retained by the court for final adjudication on the merits. A hearing was held in Raleigh, North Carolina, on December 6, 2012. For the reasons that follow, the motion will be allowed.

On September 26, 2012, the court entered an order denying in part and allowing in part a joint motion filed by creditor/defendant Bank of America and defendant Jonathan P. Joyner (collectively "BOA") to dismiss or alternatively to stay the adversary proceeding filed against them by the debtor, TP. The court denied the motion to dismiss, and denied the motion to stay the adversary proceeding with respect to three of TP's claim for relief (fraud in the inducement, rescission, and equitable subordination) because those claims were core claims within the meaning of Stern v. Marshall, 131 S. Ct. 2594 (2011). The court retained those claims for final determination. The court otherwise allowed the motion to stay the adversary proceeding, having determined that the remaining claims (for constructive fraud; fraud; breach of fiduciary duty; negligence; negligent misrepresentation; tortious interference; breach of contract/breach of covenant of good faith and fair dealing; unfair and deceptive trade practices, and alter ego/insider liability) were statutorily core, but did not qualify as constitutionally core within the meaning of Stern. The court referred those non-core claims to arbitration in accord with provisions in the parties' agreements.[1]

The trustee now moves to stay arbitration of the non-core claims previously referred to arbitration pending this court's resolution of the three core claims. BOA objects.

## DISCUSSION

On behalf of TP, the trustee contends that allowing arbitration of the non-core claims to proceed "prior to this Court's final adjudication of the core claims could undermine the Court's

---

[1] The court initially was asked, by motion of BOA, to stay the adversary proceedings pending a determination of whether some or all claims were subject to compelled arbitration. Having concluded that some claims are arbitrable and some are not, the court now addresses the question posed by the trustee's motion, which is whether those same arbitration proceedings should be stayed.

2

jurisdiction by subjecting the core claims to the preclusive effects of *res judicata* and collateral estoppel and, at the very least, subject TP to a likelihood of conflicting results." Trustee's Mot. to Stay Arbitration at 2 ¶ 2. In particular, the trustee points out that the core claims for fraud in the inducement and for rescission are premised on "the false and fraudulent representations and concealments on the part of Joyner and BOA," which relate to "each and every agreement" between the parties, including amendments. "[I]f given preclusive effect," the trustee contends, "a decision by an arbitrator on the non-core fraud claim would clearly decide and/or limit the Court's ability to decide issues central to this Court's determination of the core claims for fraud in the inducement, rescission and equitable subordination. Even if the arbitration award was not given preclusive effect with respect to the core fraud claim, TP would nevertheless be exposed to the possibility of 'inconsistent judgments.'" Id. at 6 ¶¶14, 15 (quoting A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1000 (4th Cir.), cert. denied, 479 U.S. 876 (1986)).

In sum, the trustee maintains that in TP's bankruptcy case and adversary proceeding, the core claims are "in the nature of counterclaims that would offset or preclude BOA's claim if they invalidate the various agreements necessary for BOA's claim." Id. at 10, ¶ 25. It follows, the trustee reasons, that "[a]llowing an arbitrator to decide claims and issues that would limit or entirely bar this Court from deciding whether BOA's claim is valid would not only thwart this Court's ability to carry out the provisions of the Bankruptcy Code but also would deprive TP of the Code's essential functions" and, obviously, impede or thwart the trustee's efforts to administer the estate. Id. Accordingly, the trustee asks that the court issue an order staying arbitration of the non-core claims until the core claims have been resolved by this court. Id. at 7 ¶ 18, citing McHale v. Alvarez, 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008) ("[T]he bankruptcy court may enjoin proceedings in

3

other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it.").

In response, BOA argues that staying the arbitration would result in "the greater waste of judicial resources, eviscerates the purpose of arbitration and the FAA, and serves only to prejudice BOA's right to arbitrate the non-core claims." BOA Response to Trustee's Mot. to Stay Arbitration ("BOA Response") at 2 ¶ 2.  BOA does, however, agree with the trustee that "many of the Non-core Claims and the Core Claims arise from the same operative facts (though not all) and that the outcome of one group of claims could have preclusive effect on the other."  Id.  In BOA's view, both BOA and the trustee face the "exact same prejudice" in terms of the risk of preclusive effects and inconsistent results, except BOA also loses its "contractually agreed upon right to arbitrate many or all of the non-core claims if the arbitration is stayed," such that the court should exercise its discretion in favor of allowing BOA to proceed with arbitration on the non-core claims.  Id.

According to BOA, case law is "clear that once a court determines that a claim is subject to arbitration, the FAA mandates that such claim be referred to arbitration."  Id. at 3 ¶ 4 (citing cases). A stay of the core claims is "particularly appropriate" when the arbitrable claims dominate the lawsuit, the non-arbitrable claims are of questionable merit, or the stay will promote judicial economy without working an undue hardship, and in this matter, BOA concludes that the arbitrable claims "certainly dominate the lawsuit," that arbitration will "likely streamline any ultimate litigation on the Core claims," and the trustee will "suffer no real hardship" if the arbitration goes forward.  Id. at 5 ¶ 6.

4

## DISCUSSION

The trustee proceeds primarily under 11 U.S.C. § 105(a), which confers upon the court the statutory power to stay or enjoin proceedings in other forums, including in state courts and before arbitrators, as "necessary or appropriate to carry out the provisions of this title."  It is useful to note that both the trustee and BOA are in full agreement that § 105 gives the court power to enjoin proceedings in other forums, and that "the power to do so is in the sound discretion of the Court, must be exercised within the confines of the Bankruptcy Code, and cannot override the mandate of other Bankruptcy Code sections or statutes."  BOA Response at 3 ¶ 3.  They further agree that in exercising this power, the court must "'weigh competing interests and maintain an even balance' and must justify the stay 'by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" Trustee Motion at 2 ¶ 4 (quoting Piccinin, 788 F.2d at 1003).

In other words, the applicable standards and analysis are not in dispute.[2]  The parties are in full agreement that claims decided in one forum are likely to moot the claims to be decided in the other or to result in collateral estoppel and, further, that the extensive overlap of the underlying facts makes it likely that different tribunals would arrive at inconsistent results.  The trustee and BOA both maintain that the court must weigh the comparative hardships to either party in determining whether to exercise its discretion to stay the arbitration proceedings.  The parties disagree only on the direction in which the comparative hardship scale tips.

---

[2] Neither party raises the question of whether bankruptcy courts should apply traditional preliminary injunction standards in determining whether to enjoin arbitration under § 105, which is an unsettled question in this circuit but was recently addressed in another matter involving BOA. In re Brier Creek Corp. Center Assoc's Ltd., Case No. 12-01855-8-SWH (Bankr. E.D.N.C. 2013) (Order Denying Bank of America's Emergency Motion for Stay of Order Pending Appeal (Feb. 12, 2013)).  Had the standards discussed in that order been applied in the instant matter, the result would be the same.  See slip op. at 17-24.

The court has fully considered BOA's arguments in support of compelling the trustee to arbitrate the non-core claims first, as well as the trustee's arguments to the effect that the debtor's bankruptcy case rests on resolution of core claims that must be resolved in order to proceed to confirmation. The court concludes that arbitration of the non-core claims must be stayed.

It is patently clear that the administration of the debtor's bankruptcy case cannot proceed efficiently and conclusively without resolution of the three core claims that this court has identified as constitutionally core within the meaning of Stern. Those core claims must be resolved to determine the amount of BOA's proof of claim, and resolution of them aligns with "one of the core purposes of bankruptcy, that is, to 'allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate [in the bankruptcy court] so that reorganization can proceed efficiently unimpeded by uncoordinated proceedings in other arenas.'" In re Startec Global Commc'ns Corp., 300 B.R. 244, 254-55 (D. Md. 2003), citing U.S. Lines, Inc. v. American S.S. Owners Mut. Prot. & Indem. Ass'n., Inc., 197 F.3d 631, 640 (2nd Cir. 1999). There is no question about it: the core claims must and will be resolved by this court.

It follows that the court's resolution of the core claims for rescission and fraudulent inducement potentially could either moot or completely obviate the agreements that support BOA's arbitration demand in the first place. If so, there would be no arbitration at all. Alternatively, based upon the court's resolution of the core claims, it is conceivable that the trustee could elect to dismiss an arbitrable claim or claims against BOA and/or Joyner. At present, of course, these questions are unanswered, but the point is that if the trustee was compelled to arbitrate the non-core claims first, or simultaneously, then the potential to reduce the scope of litigation and to economize would be wasted for all parties.

6

So, while this court agrees with BOA that the overarching goal of centralized decision-making in the bankruptcy court does not, standing *alone*, provide a sufficient basis upon which to preclude or defer arbitration, that is simply not the issue in the instant case, and BOA's concern about exceptions to the Federal Arbitration Act "swallowing the rule" and displacing the general presumption in favor of the FAA is not applicable. Here, it appears to the court that allowing arbitration of the non-core claims to proceed either simultaneously or, as BOA urges, *first*, would be wholly at odds with the court's obligation to exercise its full and appropriate jurisdiction over the bankruptcy case. Indeed, under BOA's rationale, the bankruptcy case would come to a virtual standstill while an arbitrator decided the non-core claims. Or, alternatively, the bankruptcy and arbitration would proceed apace, which would bring about an evident waste of resources, drain the debtor's estate, and, perhaps more troubling, introduce competitive overtones with regard to which tribunal could establish a basis for estoppel first.

These outcomes are fundamentally at odds with what should be the goal in both bankruptcy and arbitration proceedings: fast and fair resolution of claims. See also In re D & B Swine Farms, Inc., 2011 WL 6013218 (Bankr. E.D.N.C. 2011) (explaining that the court denied a creditor's motion to compel arbitration of a non-core claim because it would be "untenable" to arbitrate the non-core claim for breach of one agreement between the creditor and debtor while the court retained and resolved the "related core claims" for breach of the parties' other two agreements; however, the court reconsidered those related core claims pursuant to the Supreme Court's decision in Stern, determined that both claims were now considered non-core pursuant to Stern, and allowed arbitration of all three now non-core claims).

In sum, the court has no basis upon which to delay its determination of the core claims and impede disposition of this chapter 7 case in order to allow an arbitrator to dispose of the non-core claims, and the clear prejudice to the debtor vastly outweighs any possible prejudice to BOA. On this note, the court points out that BOA is not being "denied" its right to arbitrate the non-core claims: Rather, BOA's exercise of its acknowledged right to have those claims against it arbitrated is simply being delayed, pending resolution of the core claims.

**CONCLUSION**

The court is persuaded that there are clear and compelling grounds on which to stay arbitration of the non-core claims pursuant to 11 U.S.C. 105(a), which "empowers the bankruptcy court to enjoin parties other than the bankrupt from commencing or continuing litigation." Piccinin, 788 F.2d at 1003 (internal quotations omitted), quoted in Kreisler v. Goldberg, 478 F.3d 209, 215 (4th Cir. 2007). Accordingly, the trustee's motion to stay arbitration is ALLOWED, and arbitration of the non-core claims, having been directed by order of this court dated September 26, 2012, will be stayed pursuant to § 105(a) until this court has resolved the three core claims for fraud in the inducement, rescission, and equitable subordination/ recharacterization.

**SO ORDERED**.

**END OF DOCUMENT**